Jeffrey G. Maxwell, OSB #070235
jeffreym@bcmjlaw.com
Barlow Coughran Morales & Josephson, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
Counsel for Plaintiff
Machinists Health and Welfare Trust Fund

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MACHINISTS HEALTH AND WELFARE TRUST FUND, | Case No. 3:23-cv-01499 |
| Plaintiff, | COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES |
| v. | |
| DISTRIBUTION TRUCKING COMPANY, an Oregon corporation, a/k/a DISTRIBUTION TRUCKING EMPLOYER, | |
| Defendant. | |

## I. PARTIES

1.1     Plaintiff Machinists Health and Welfare Trust Fund (the Health Trust) is a joint labor-management Taft-Hartley trust fund organized under Section 302(c) of the Labor Management Relations Act, 29 U.S.C. §186(c). The Health Trust was created for the purpose of providing one or more benefit plans under ERISA that maintain hospital, medical, surgical, dental, vision, disability or death benefits and any other similar benefits for the benefit of the participants and their beneficiaries. The Health Trust maintains its principal office in Seattle, King County, Washington.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 1
3:23-cv-01499

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1.2     Defendant Distribution Trucking Company (DTC) is an Oregon corporation, Entity #121624-18, with its principal place of business in Portland, Multnomah County, Washington. DTC is also known as and conducts business as Distribution Trucking Employer.  Upon information and belief, DTC is a wholly-owned subsidiary of the Fred Meyer Co., which upon information and belief is itself is a wholly-owned subsidiary of the Kroger Co.

## II.  JURISDICTION AND VENUE

2.1     This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), codified at 29 U.S.C. §1132(e)(1).

2.2     Venue in this Court is proper pursuant to (i) §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2) because the Defendant resides and conducts business in this District.

## III.  FACTS

3.1     On or about July 29, 2011, Carl Wojciechowski, identifying himself as "Group Vice President Human Resources" executed a *Truck Shop Working Agreement by and between Distribution Trucking Employer (DTC) and International Association of Machinists and Aerospace Workers, District Lodge W24, Mt Hood Lodge No. 1005* (the Master Labor Agreement). The current version of the Master Labor Agreement, executed on January 10, 2023 by Jerad Coine, identifying himself as "Regional Associate Relations Manager Kroger Supply Chain," is effective June 5, 2022 through June 7, 2025.

3.2     The Master Labor Agreement contains an evergreen clause, renewing the Master Labor Agreement annually unless one of the Parties terminates the agreement.

3.3     By becoming signatory to the Master Labor Agreement, DTC agreed to make fringe benefit contributions to the Health Trust:

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 2
3:23-cv-01499

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

> Section 12.1 – The Employer hereby agrees to pay into the Machinists Health and Welfare Trust for each employee who works eighty (80) hours or more during the prior month for the purpose of providing health and welfare and dental care benefits under the Northwest I.A.M. Benefit Trust, for the employees covered by this Agreement, as follows:…

3.4    DTC also agreed to the written terms and conditions of the trust agreement that governs the Plaintiff Health Trust:

> Section 12.3 – By the execution of this Agreement, the Parties accept the provisions of the Northwest I.A.M. Benefit Trust Agreement and the Machinist Health and Welfare Trust, and any amendments that from time to time shall be made; and the Employer agrees to be bound by said Trust Agreements.

3.5    The Master Labor Agreement sets forth DTC's obligations to the Health Trust, including mandating payment of fringe benefit contributions for all persons performing covered work.

3.6    The Health Trust is an intended beneficiary under the terms of the Master Labor Agreement.

3.7    DTC's obligations under the Health Trust are set forth in Article VIII, Sections 1 – 7 of *The Machinists Health and Welfare Trust Fund Trust Agreement*, amended and restated effective June 4, 1998, and as amended.  Under the Health Trust, DTC agreed to, among other things:

- Submit its remittance reports and contributions payment on or before the 10th day of the calendar month following the month in which the contributions are payable;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the Health Trust;

- Payment of liquidated damages of ten percent (10%) of delinquent contributions or $50.00, whichever is greater;

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 3
3:23-cv-01499

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Payment of interest of twelve percent (12%); and
- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8     Upon information and belief, following execution of the Master Labor Agreement, DTC used employees to perform covered work subject to the scope of the Master Labor Agreement. DTC also began its monthly reporting and payment of fringe benefit contributions to the Health Trust.

3.9     Upon information and belief, DTC has not terminated the Master Labor Agreement and remains signatory.

3.10    In October 2022, DTC was selected for an audit of its payroll and related business records, in order to determine whether the company has properly reported and paid fringe benefit contributions for the period January 1, 2022 through June 30, 2022.

3.11    On October 9, 2022, the Health Trust's auditor, Nerissa Cheng, contacted DTC and requested copies of the payroll and related business records necessary to conduct the audit. DTC did not respond. Ms. Cheng made additional efforts through March 1, 2023 to obtain records from DTC to conduct the audit. DTC never responded to Ms. Cheng and the matter was subsequently referred to counsel.

3.12    On March 14, 2023, written demand was sent to Ms. Michelle Leshore at Kroger, requesting compliance with the Health Trust's auditor and requesting the company produce the listed documents for review. Ms. Leshore responded by email on March 14, 2023, stating she no longer works for the Fred Meyer division and directed future inquiries to an email address for handling of audit matters.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 4
3:23-cv-01499

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.13  On April 24, 2023, a second written demand was sent to Ms. Mindi Hingeley at Kroger, again requesting compliance with the Health Trust's audit. The Health Trust requested a response by May 5, 2023. No response was forthcoming.

3.14  As of the date of this complaint, DTC has failed and/or refused to provide the Health Trust's auditor with payroll and related business records for the period January 1, 2022 through June 30, 2022.

### IV.  CAUSES OF ACTION

#### First Cause of Action
#### (Breach of Labor Agreement/Trust Agreement)

4.1  The Health Trust realleges each and every allegation contained in ¶¶3.1 – 3.14, above.

4.2  DTC's failure to comply with the audit constitutes a breach of the terms of the Master Labor Agreement between DTC and the Union, to which the Health Trust is a beneficiary. DTC's failure to comply with the audit also constitutes a breach of the Trust Agreement, the terms of which DTC agreed to when it signed the Master Labor Agreement.

4.3  As a result of DTC's breach, the Health Trust has been damaged in an amount to be proven at trial, plus ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

#### Second Cause of Action
#### (Violation of ERISA)

4.4  The Health Trust realleges each and every allegation contained in ¶¶3.1 – 3.14, above.

4.5  DTC's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 5
3:23-cv-01499

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4.6     As a result of DTC's violation, the Health Trust has been damaged in an amount to be proven at trial, plus ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

### Third Cause of Action
### (Equitable Relief)

4.7     The Health Trust realleges each and every allegation contained in ¶¶3.1 – 3.14, above.

4.8     DTC's failure to fully comply with the Health Trust's audit gives rise for a claim for equitable relief under 29 U.S.C. 1132 (a)(3).  Specifically, the Health Trust is entitled to an order compelling DTC to fully comply with the audit and the auditor's document requests.

### V.  REQUESTED RELIEF

The Plaintiff Health Trust respectfully request the Court grant the following relief:

A.    Entry of equitable relief, including an order compelling DTC to fully comply with the audit and the auditor's document requests;

B.    Upon completion of the audit, should the auditor conclude DTC failed to properly report and pay fringe benefit contributions to the Health Trust, then entry of:

   a.   Judgment against DTC, in an amount to be determined at trial, in an amount to be determined at trial for past-due and delinquent fringe benefit contributions as set forth in the audit report, and owed by Defendant pursuant to the terms of the labor and trust agreements to which DTC is a party;

   b.   Judgment against DTC, in an amount to be determined at trial for liquidated damages as set forth in the audit report, and owed by Defendant pursuant to the terms of the labor and trust agreements to which DTC is a party;

   c.   Judgment against DTC, in an amount to be determined at trial for accrued prejudgment interest as set forth in the audit report, and owed by Defendant pursuant to the terms of the labor and trust agreements to which DTC is a party;

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 6
3:23-cv-01499

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

   d.  Judgment against DTC, in an amount to be determined at trial for additional prejudgment interest from the date of the audit report until payment in full or entry of judgment, whichever comes first;

C.  An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which DTC is a party, and as authorized under ERISA;

D.  An award of post-judgment interest at the 12% rate specified by the applicable trust agreements, and as authorized under ERISA; and

E.  Any other such relief under federal law or as is just and equitable.

Dated: October 12, 2023.    s/ Jeffrey G. Maxwell
               Jeffrey G. Maxwell, WSBA #33503
               **Barlow Coughran Morales & Josephson, P.S.**
               1325 Fourth Avenue, Suite 910
               Seattle, Washington 98101
               (206) 224-9900 (t)
               jeffreym@bcmjlaw.com

               Counsel for Plaintiff
               Machinists Health and Welfare Trust Fund

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 7
3:23-cv-01499

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900